## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## AT LONDON

**CIVIL ACTION NO. 15-191-DLB**

**DANNY RAY COUCH**                                                                          **PLAINTIFF**

**vs.**                                   **MEMORANDUM OPINION AND ORDER**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                              **DEFENDANT**

********************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 24, 2013, Plaintiff Danny Ray Couch protectively filed his application for disability insurance benefits, alleging disability as of June 21, 2013.  (Tr. 136-42).  Plaintiff's claim was denied initially and on reconsideration.  (Tr. 58-86 and 68-76).  On January 27, 2015, Administrative Law Judge Sheila Lowther conducted an administrative hearing at Plaintiff's request.  (Tr. 28-57).  ALJ Lowther ruled that Plaintiff was not entitled to benefits on April 10, 2015.  (Tr. 13-27).  This decision became the final decision of the Commissioner when the Appeals Council denied review on September 8, 2015.  (Tr. 2-7).

1

On November 3, 2015, Plaintiff filed the instant action.  (Doc. # 1).  This matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.  (Docs. # 9 and 10).

## II.  DISCUSSION

### A.    *Overview of the Process*

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *Id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th

2

Cir. 1994).

### B.    *The ALJ's Determination*

At Step 1, the ALJ found that Plaintiff did not engage in substantial gainful activity from his alleged onset date (June 21, 2013) through his date last insured.  (Tr. 18).  At Step 2, the ALJ determined that Plaintiff had the following severe impairments through the date last insured: (1) history of right ankle sprain; (2) mild degenerative disc disease of the lumbar spine; (3) history of right shoulder injury; and (4) obesity.  (*Id.*).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 18-19).  Specifically, the ALJ found that Plaintiff's spinal impairments did not meet the requirements of Listing 1.04 (disorders of the spine), or Listing 1.02 A or B (major dysfunction of a joint).  (*Id.*).  In reaching this conclusion, the ALJ noted that the record contained no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis with accompanying ineffective ambulation, nor problems with ambulation or involvement of a major joint in each upper extremity.  (*Id.*).  The ALJ also noted that while obesity may combine with other impairments to increase the severity or functional limitation of other impairments, the record in this case did not provide support for such a conclusion.  (*Id.*).

At Step 4, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. § 404.1567(c), except that he can "stand and walk six hours of an eight hour day; sit six hours of an eight hour day; and frequently reach and handle with the right arm."  (*Id.*).  The ALJ further found that Plaintiff

was able to perform past relevant work as a tipple supervisor.  (Tr. 23).

Accordingly, the ALJ did not proceeded to the final step of the sequential evaluation. (*Id*.).  Based on the testimony of the VE and Plaintiff's RFC, the ALJ found that Plaintiff was capable of performing his past relevant work, and thus concluded that he was not under a "disability," as defined by the Social Security Act.  (*Id*.).

## C.   *Plaintiff's Arguments*

Plaintiff advances two arguments on appeal.  (Doc. # 9-1).  First, Plaintiff argues that the ALJ failed to give appropriate weight to the opinion of Plaintiff's treating physician. Second, Plaintiff complains that the ALJ's determination was not supported by substantial evidence.  Each of these arguments will be addressed in turn.

### 1.   The ALJ did not err in weighing the opinion of Dr. Spencer, a treating source.

In social security disability cases, medical evidence may come from treating sources, non-treating sources and non-examining sources. 20 C.F.R. § 404.1502.  A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]."  *Id*.; *see also Abney v. Astrue*, Civ. A. No. 5:07-394-KKC, 2008 WL 2074011, at *11 (E.D.K.Y. May 13, 2008) (stating that one meeting is insufficient to establish an ongoing treatment relationship).  A non-treating source is an acceptable medical source who has examined the claimant but does not have an ongoing treatment relationship with him or her, while a non-examining source has not examined the claimant but provided medical or other opinion evidence in the case.  *Id.*

4

In deciding how much weight to give the opinion of a non-treating source, the ALJ must consider the length, frequency, nature and extent of the treatment relationship; evidence in support of the opinion; consistency of the opinion with evidence in the record; physician's specialization; and other factors brought to the ALJ's attention.  20 C.F.R. § 404.1527(c)(1)-(6).

On September 17, 2013, Dr. Donnie Spencer wrote a letter regarding Plaintiff, in which he noted:

> This patient has extensive degenerative arthritis affecting his knees especially. He is 58 years old now and carrying a bit of extra weight at 222 pounds.  He has diabetes mellitus type II, thus causing more complications to his other issues.  He has mild hypertension.  His knees are nearly worn out.  He is therefore, unable to work at the surface mines as he did in the past.
>
> (Tr. 292).

On December 5, 2014, Dr. Spencer completed a form regarding Plaintiff's abilities. (Tr. 336).  He indicated that Plaintiff could only stand for two hours in an eight hour day, sit for four hours in an eight hour day, lift five pounds occasionally and do no lifting frequently, only occasionally reach above shoulder level, should have a moderate restriction on exposure to dust, fumes and gases, have a moderate restriction from driving automobiles and/or equipment, and should avoid all exposure to unprotected heights and moving machinery.  (*Id.*).  Dr. Spencer concluded that Plaintiff was "unable to work."  (*Id.*).

Plaintiff claims that the ALJ erred in concluding that objective medical evidence did not support Dr. Spencer's opinions, and argues that Dr. Spencer's opinion was "only inconsistent with one time evaluating physicians or a physician who had only reviewed the medical records and had not even met [Plaintiff]." (Doc. # 9-1 at 9-13).  The record belies

5

this assertion.  In rendering his RFC assessment, the ALJ explained that he gave "little weight to this opinion, as no objective medical evidence supports such limitations." (Tr. 22). Specifically, Dr. Spencer's findings were inconsistent with those of Dr. Johnson, Dr. Corbett, Dr. Primm, and Dr. Snider.  (Tr. 20-22).

First, Dr. Primm's impression was that Plaintiff had "multiple somatic complaints disproportionate to physical findings."  (Tr. 379).

Dr. Corbett concluded similarly:

In short, the diagnoses were the doctor's descriptions of the patient's subjective complaints, but did not show actual presence of a pathologic process or attributable, codable disease which could be identified as being causally related to any specific condition other than aging.
...
Finally, discussion regarding the patient's shoulders and neck indicates a level of complaint which was not elicited despite questioning in my evaluation and no mentioned or described by Dr. Primm in his evaluation.  In short, we are dealing with an extension of the emperor's new clothes (defined as a condition definable only by the observer).

(Tr. 384-85). Dr. Snider also noted that he "ha[d] not seen presentation of any objective findings that indicate a 'cumulative trauma' condition in the shoulders beyond what one would expect to see based solely on Mr. Couch's age."  (Tr. 409).

Because the ALJ explained how much weight he gave to the opinion of Dr. Spencer, a treating source, and because he detailed his reasons for doing so in accordance with 20 C.F.R. § 404.1527(c), the Court finds no error in this portion of the ALJ's Step 4 analysis.

**2.     The ALJ's determination was supported by substantial evidence.**

Plaintiff contends that if the ALJ had considered the case in its entirety, substantial evidence would show that the combined effects of his physical impairments prevent him from being able to work on a regular basis.  (Doc. # 9-1 at 14).  First, Plaintiff claims that

6

the ALJ ignored his physical restrictions and marked mental limitations, rather than reviewing the record as a whole. (*Id.* at 15). This assertion is not supported by the record. The ALJ considered each piece of evidence in the record, including the restrictions that Dr. Spencer recommended for Plaintiff. (Tr. 19-23). As discussed *supra*, numerous medical records support the ALJ's decision.

Next, Plaintiff claims that "based on [his] physical limitations, and age he should have been awarded benefits under the grids and as such, should have been found disabled." (Doc. # 9-1 at 15). Specifically, Plaintiff argues:

> It is the contention of the Plaintiff under these standards of review, that there is not substantial evidence to support the denial of his application for social security benefits. The objective medical evidence unequivocally documents that the Plaintiff suffers from right ankle pain; mild degenerative disc disease of the lumbar spine; right shoulder injury, obesity, sensorineural hearing loss and tinnitus, type 2 diabetes, and hypertension. Those impairments, with restrictions placed on him by his treating physician of thirty (30) years, coupled with his age, support of [sic] finding of disabled under the grid framework.

> (*Id.* at 14).

Essentially, Plaintiff argues that the treating physician's opinion should have been given weight above all else. While it is true that a treating physician's opinion is afforded great weight, the ALJ explained that in this case, Dr. Spencer's opinions were not supported by the objective medical evidence. (Tr. 22). The other medical opinions in the record provide substantial evidence for the ALJ's decision. As the ALJ explained:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could cause some of the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. While the claimant has alleged that he is incapacitated by problems with his back, shoulders, neck, and knees, diagnostic imaging has all been normal. Multiple examinations

7

have stated that there are no objective findings to support his complaints or to suggest any limitations in his abilities.

(Tr. 22).

Furthermore, Plaintiff's argument is predicated on a fundamental misunderstanding of the Court's role in Social Security appeals.  The key inquiry is not whether Plaintiff's interpretation of the medical records is supported by substantial evidence.  It is whether the ALJ's decision is supported by substantial evidence, regardless of the Court's own opinion about the record.  In asking the Court to remand this case because there is substantial evidence to support his position, Plaintiff essentially invites the Court to re-weigh the evidence.  Such a request is beyond the scope of the Court's review.

### III.  CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)    The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2)    Plaintiff's Motion for Summary Judgment (Doc. # 9) is hereby **DENIED**;

(3)    Defendant's Motion for Summary Judgment (Doc. # 10) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 2nd day of January, 2017.



Signed By:

*David L. Bunning*

United States District Judge

K:\DATA\SocialSecurity\MOOs\London\6-15-191-Couch MOO.wpd